(No. 16195.—Writ denied.)

THE PEOPLE *ex rel.* Louis S. Hardin *et al.* Petitioners, *vs.*
Louis L. EMMERSON, Secretary of State, Respondent.

*Opinion filed December 16, 1924—Rehearing denied Feb. 6, 1925.*

1. CORPORATIONS—*Secretary of State has no discretion in mat-
ter of filing statement of incorporation.* Where a statement of in-
corporation which conforms to the provisions of the general Cor-
poration act is presented to the Secretary of State he must file it
and must issue a certificate of incorporation, but if the statement
presented to him is not in conformity with the act he must refuse
to file it, and he can exercise no discretion in the matter, as his
duties in this regard are ministerial.

2. SAME—*statement of incorporation must describe classes of
stock.* Where a statement of incorporation provides for the cre-
ation of different classes of preferred stock in the discretion of
the board of directors without describing the classes, it fails to
comply with the provisions of section 4 of the general Corporation
act as to what the statement shall set forth, and the Secretary of
State must refuse to file the statement or issue the certificate of in-
corporation although all the subscribers to the stock of the pro-
posed corporation have consented to the matters in the statement.

ORIGINAL petition for *mandamus.*

CUTTING, MOORE & SIDLEY, for petitioners.

EDWARD J. BRUNDAGE, Attorney General, (CLARENCE
N. BOORD, and B. L. CATRON, of counsel,) for respondent.

Mr. JUSTICE THOMPSON delivered the opinion of the
court:

The Secretary of State refused to file a statement of
incorporation and to issue a certificate thereon to Louis S.
Hardin, Merritt C. Bragdon and E. D. McDougal, on the
ground that the statement did not describe the different
classes of stock and the relative rights of each class. There-
upon this original petition for writ of *mandamus* was filed
and the Secretary of State has demurred to the petition.

315—16

Section 4 of the general Corporation act requires that the statement of incorporation shall set forth *inter alia* the number of shares into which the capital stock is to be divided, and, if there is to be more than one class of stock created, a description of the different classes, the number of shares in each class, and the relative rights, interests and preferences each class shall represent. Section 31 of the same act requires that shares of stock having a par value shall be represented by certificates, which shall state the number of shares represented thereby and the relative rights, interests and preferences, if any, of such shares. The statement of incorporation presented by the relators to the Secretary of State fixed the number of shares of preferred stock of the value of $100 a share at 1000 and the number of shares of common stock of the same par value at 50. It set forth that dividends were to be paid on the preferred stock in accordance with the certificates issued before dividends were paid on the common stock, and that after all fixed dividends were paid on the preferred stock the remainder of the profits was to be divided among holders of the common stock. It also set forth that the corporation might redeem all or any part of the preferred stock on any dividend day by paying the redemption price fixed with respect to the shares of any series of such stock. The paragraph in the statement that caused the Secretary of State to refuse to file it is as follows: "The board of directors of the corporation shall have power to provide from time to time for the issue of the preferred stock in series, in such amounts as may be authorized from time to time by the board of directors, and with respect to the stock of any such series to determine and fix at the time of issuance the rate of dividend applicable thereto but not exceeding the rate of eight percentum per annum, and to determine and fix the price at which the stock of any such series may be redeemed as aforesaid, but such redemption price shall not be less than $100 nor more than $110

per share, plus all unpaid dividends accumulated or accrued thereon to the date fixed for redemption."

When a statement of incorporation which conforms to the provisions of the general Corporation act is presented to the Secretary of State he must file it and must issue a certificate of incorporation to the incorporators, but if the statement of incorporation presented to him is not in conformity with the act he must refuse to file it. His duties in this regard are ministerial. The inquiry, then, is whether the statement presented by the relators set forth the information required by the act.

The statement divides the stock into two classes,—common and preferred,—describes these classes, and sets forth the relative rights of common stockholders in so far as their relations with preferred stockholders are concerned, and of preferred stockholders in so far as their relations with common stockholders are concerned. But the statement reveals that the board of directors may from time to time, in their discretion, divide the preferred stock into classes. It is possible to create many different classes of preferred stock, and it is quite probable that two or three classes will be created. For example, suppose series "A" of preferred stock consisted of 500 shares of eight per cent stock redeemable at $110 a share, series "B" of 250 shares of six and a half per cent stock redeemable at $105 a share, and series "C" of 250 shares of five per cent stock redeemable at par. There is nothing in the statement of incorporation that describes these different classes of preferred stock or gives any information with respect to the number of shares in each class, or states the relative rights among the different classes of holders of preferred stock or the different preferences each class represents. The stock certificates issued at the time series "A" stock was sold could not state the relative rights, interests and preferences of the shares represented by the certificates, because no one would know what such relative rights, interests and prefer-

ences were until series "B" and series "C" had been authorized by the board of directors and the dividend rate and redemption price of the same fixed. The fact that stockholders may by agreement among themselves create different classes of preference shares and that all of the subscribers to the stock of this proposed corporation have consented to the matters set forth in the statement of incorporation does not affect the question presented for decision. The legislature, as it has a right to do, has prescribed a method by which incorporators may obtain a certificate of incorporation, and the Secretary of State is without authority to issue a charter until those desiring to form a corporation comply with the provisions of the general Corporation act.

The statement presented did not conform to the provisions of the act, and the Secretary of State properly refused to file it.        *Writ denied.*